CARRIE M. ROSSMAN, PLAINTIFF-RESPONDENT, v. WALTER NEWBON, DEFENDANT, AND HENRY DuBOIS AND LAUTER PIANO COMPANY, DEFENDANTS-APPELLANTS.

JOHN A. BOEHME AND EDNA D. BOEHME, PLAINTIFFS-RESPONDENTS, v. WALTER NEWBON, DEFENDANT, AND HENRY DuBOIS AND LAUTER PIANO COMPANY, DEFENDANTS-APPELLANTS.

Submitted October 27, 1933—Decided January 12, 1934.

For the appellants, *Applegate, Stevens, Foster & Reussille* (*Lester C. Leonard,* of counsel).

For the respondents, *Kremer & Proctor* (*Ward Kremer,* of counsel).

The opinion of the court was delivered by

HEHER, J. These actions are in tort. Respondents Carrie M. Rossman and Edna D. Boehme suffered physical injuries

as a result, it is claimed, of the negligence of appellants in the operation of their respective motor vehicles. An automobile owned and operated by defendant Newbon and one operated by appellant DuBois, an agent of appellant Lauter Piano Company, collided on a public highway. They seek the recovery of the resultant damages. John A. Boehme, the husband of Edna, sues to recover the damages consequent upon the injuries to his wife. There were two trials of the actions. The first resulted in a verdict by the jury in favor of Carrie M. Rossman for $63.06, and in favor of Edna D. Boehme, for $201.06. The verdict was silent in respect of the cause of action pleaded by John A. Boehme.

Judge Lawrence granted respondent, Carrie M. Rossman, a rule to show cause why the verdict in her favor should not be set aside in respect of damages only. He allowed a like rule to respondents Edna D. and John A. Boehme. Appellants were also allowed, in each cause, a rule to show cause why the verdict should not be set aside and a new trial granted. They assigned as a reason for the granting of a new trial that the verdict was against the weight of the evidence. The rule allowed to Carrie M. Rossman was made absolute, and a new trial was awarded as to damages only. Interpreting the verdict in the Boehme case as in favor of both plaintiffs on the issue of liability, based upon the negligence of appellants, as charged in the complaint, the trial judge awarded a new trial to both plaintiffs, limited to the ascertainment of the damages sustained. The rules allowed to appellants were discharged.

The retrial of the actions resulted in a verdict of $7,000 for Carrie M. Rossman (reduced by the trial judge on rule to show cause to $5,750) ; $3,000 for Edna D. Boehme (reduced by the trial judge to $2,500), and $495 for John A. Boehme. These appeals are from the judgments entered thereon.

The single question presented by the grounds of appeal in each cause is the propriety of the award to respondent of a new trial in respect of damages only. The contention seems to be that, inasmuch as all parties expressed dissatisfaction with the verdict, and sought a new trial of the action, a re-

trial of all the issues should have been ordered. But the action complained of cannot, on the ground stated, be reviewed on appeal. Rule 131 of the Supreme Court directs that in case a new trial is granted, it shall only be a new trial of the question or questions with respect to which the verdict or decision is found to be wrong, if separable. Rule 132 provides that when a new trial is ordered because the damages are excessive or inadequate, and for no other reason, the verdict shall be set aside only in respect of damages, and shall stand good in all other respects. The exercise of the power conferred by these rules rests in the sound discretion of the court, and the action taken will not be reviewed on appeal. *Gormley* v. *Gasiorowski,* 110 *N. J. L.* 287.

Assuming, without deciding, that this court has the power to interfere in the event of an abuse of discretion (see *Gormley* v. *Gasiorowski, supra*), we find no such abuse in the ruling complained of. The parties may terminate a suit by consent, but it is not within their province, when for one reason or another they are dissatisfied with the verdict, to set it aside, for the purpose of a retrial of the issue, by joining in an application for a new trial. When a new trial is necessary, it should be limited to the question with respect to which the verdict is found to be wrong, if separable, and if the error relates solely to the *quantum* of damages, it should be set aside as to damages only. The determination of this question is for the court, and not for the parties.

It is also urged that, for another reason, the trial judge erred in granting a new trial to respondent John A. Boehme as to damages only. It is insisted that no verdict was returned by the jury in the first trial in respect of the cause of action pleaded by him, and that a mistrial therefore resulted. This question is reviewable on appeal. Unless the order granting a new trial as to damages only is predicated on a basic finding of liability by the jury, it is erroneous. A finding of liability was, undeniably, a prerequisite to the court's jurisdiction to make such an order.

But there was no error in the action complained of. The jury concededly determined the issue of negligence in favor

of the respondents Carrie M. Rossman and Edna D. Boehme and this of necessity was a finding in favor of John A. Boehme on that issue. Unless the wife can recover for the personal injuries suffered by her, the husband, in such an action, is not entitled to consequential damages. *Jackson* v. *Boston Elevated Railway Co.,* 217 *Mass.* 515; 105 *N. E. Rep.* 379; 13 *R. C. L.* 1415. Compare *Vorrath* v. *Burke,* 63 *N. J. L.* 188. The converse of this proposition is likewise the law.

A verdict in a civil cause which is defective or erroneous is a mere matter of form, not affecting the merits or rights of the parties, may be amended by the court to conform to the issues and give effect to what the jury unmistakably found. However, the court cannot, under the guise of amending a verdict, invade the province of the jury, or substitute his verdict for theirs. *Minot* v. *City of Boston,* 201 *Mass.* 10; 86 *N. E. Rep.* 783; *City Bond and Share, Inc.,* v. *Klement,* 165 *Wash.* 408; 5 *Pac. Rep.* (2) 523. But it is a well established rule that a verdict is to be liberally construed, and all reasonable intendment will be indulged in its support, and it will not be held insufficient, unless, from necessity, there is doubt as to its meaning. The verdict need not be expressed formally and precisely in the words of the issue. If there be a substantial finding, so that the meaning of the jury can be ascertained therefrom, the court will mould it into form and give it effect, though it be irregular and faulty in expression. *Lindauer* v. *Teeter,* 41 *N. J. L.* 255. In that case Mr. Justice Depue ruled that, while judgment could not be entered on the entire verdict, the finding of the jury "will answer the useful purpose of enabling the court to collect the meaning of the jury from the verdict they have given, and to mould it so as to express their intention." He referred to the precedents "illustrative of the liberality of intendment adopted by the courts," in construing and giving effect to verdicts.

In *Phillips* v. *Kent,* 23 *N. J. L.* 155, it was held that where, upon a general and a special issue, a verdict is found generally for the plaintiff, and the special plea is such that, if true, the verdict should have been for the defendant, the omission to find upon the special issue is a matter of form only, and

judgment will be entered for the plaintiff. Chief Justice Green said: "The court in which the verdict is found may give form to a general verdict, so as to make it harmonize with the issues. If a verdict be not formally expressed in the words of the issue, yet if the point in issue can be collected from the finding of the jury, the court will work it into form and make it serve. The verdict in this case necessarily settles both the issues, and there is no difficulty in ascertaining what the jury must have intended. If they had found title in the defendants, or if they had found no demise, their verdicts must have been for the defendants. A verdict of guilty necessarily rests upon finding both issues in the affirmative."

In *Browning and Justice* v. *Skillman,* 24 *N. J. L.* 351, defendants pleaded the general issue and a special justification, upon which issue was taken. The jury found the defendants guilty, but there was no finding upon the special plea, and it was contended that the verdict did not sufficiently find the issues joined in the cause. Chief Justice Green, in rejecting this contention, said: "The rule is that the verdict must comprehend all the issues, or the judgment will be reversed. But, says Hobart, 'however the verdict seems to stray, and conclude not formally or punctually unto the issue, so as you cannot find the words of the issue in the verdict, yet if a verdict may be concluded out of it to the points in issue, the court shall work it into form and make it serve.' *Foster* v. *Jackson, Hobart* 54, a. Hence, whenever the general issue and a special justification is pleaded, and a verdict is found for the plaintiff on the general issue, if it is apparent that the verdict could not have been so found if the special plea had been supported, the omission is matter of form only. *Hawks* v. *Crofton,* 2 *Burr.* 698; *Thompson* v. *Button,* 14 *Johns. R.* 84; *Middleton* v. *Quigley,* 7 *Halst.* 352. It is manifest that the verdict of guilty could not have been rendered in this cause if the jury under the second issue had not found the property or the goods in the plaintiff."

In *Delaware, Lackawanna and Western Railroad Co.* v. *Toffey,* 38 *N. J. L.* 525, Mr. Justice Depue, in applying the apposite rule in a case in this court, said: "In this case the verdict, as entered on the record, is informal. It is not, in

terms, responsive to the issue. * * * Lord Mansfield said (in *Hawks* v. *Crofton, supra*), that 'the principle is just and true, that where the intention of the jury is manifest and beyond doubt, the court will set right matters of form and the mere act of the clerk;' and Judge Denison cited a *dictum* of Lord Hardwicke, 'that verdicts are not to be taken strictly without pleadings, but the court will collect the meaning of the jury, if they gave such a verdict that the court can understand them.' * * * If the point on which the verdict is given be so uncertain that it cannot be clearly ascertained whether the jury meant to find the issue or not, it cannot be helped by intendment. *Stearns-in-Error* v. *Barrett*, 1 *Mason* 170. But if the point in issue can be collected from the finding of the jury, and there is no difficulty in ascertaining what the jury must have intended, judgment will be entered without remitting the *postea* to the judge who tried the case for amendment. *Phillips* v. *Kent*, 3 *Zab*. 155, 158. * * * It is sufficient for present purposes that the intention of the jury, in the language of the verdict as it stands on the record, is entirely free from doubt. That they intended a finding against the defendant, and in favor of the plaintiff, is manifest not only from the language of the verdict, but also from the damages assessed. To reach that conclusion they must necessarily have determined the only issue in the cause adversely to the defendants. Their error was only a matter of form."

The causes of action pleaded by respondents Carrie M. Rossman and Edna D. Boehme are primary or basic. They are grounded upon the asserted negligence of appellants. The cause of action pleaded by John A. Boehme is secondary or derivative. It depends entirely upon the existence of the cause of action pleaded by his wife. The apposite principle was invoked by this court in an action against a principal for an assault and battery alleged to have been committed by its agent, based upon the doctrine of *respondeat superior*. In a prior action instituted by the agent against the plaintiff, to recover damages for an assault and battery alleged to have been committed in the same affray, the issue was determined in favor of the agent, and it was held that the judgment in

the agent's action was *res adjudicata* of the issue in the suit against the principal. *Carter* v. *Public Service Gas Co.*, 100 *N. J. L.* 374.

It is evident that the jury determined the issue of negligence in favor of respondents. As was said in *Delaware, Lackawanna and Western Railroad Co.* v. *Toffey, supra:* "There is no difficulty in ascertaining what the jury must have intended." A verdict for respondents Carrie M. Rossman and Edna D. Boehme could not have been rendered if the jury had not determined the basic issue of negligence adversely to appellants. The intention of the jury cannot be mistaken, and the omission to enter a verdict, applicable particularly to John A. Boehme, is a mere matter of form. Compare *Thompson* v. *Button, supra.* The verdict substantially responds to the pleadings, and covers the issues. The trial judge having charged the jury that, in the event of a finding against appellants on the issue of negligence, this respondent was entitled to the consequential damages, if any, sustained by him, it is to be presumed that the jury found that he did not suffer damage. The courts view the findings of the jury with great leniency, and indulge every reasonable presumption in aid of a general verdict. *Pittsburgh C. and C. St. L. Railway Co.* v. *Darlington's Adm'x,* 129 *Ky.* 266; 111 *S. W. Rep.* 360. If the verdict decides the question in issue in such a way as to enable the court intelligently to base a judgment thereon, it is sufficient in form. *Walter* v. *Louisville Railroad Co.,* 150 *Ky.* 652; 150 *S. W. Rep.* 824. If the verdict be construed as a finding against John A. Boehme on the basic issues of negligence, and consequent injury to his wife, it would be inconsistent and illogical, and this is an unreasonable presumption that will not be indulged. The trial judge properly construed the verdict, and there was no error in the action complained of.

To assert the contrary is to challenge the propriety of the action of the trial judge in awarding to respondents Carrie M. Rossman and Edna D. Boehme a new trial as to damages only. The trial judge was necessarily required, in determining whether the new trial should be so limited, to examine the evidence, and the action thus taken is not, as we have

pointed out, reviewable on appeal, unless, possibly, there was an abuse of discretion. Appellants do not challenge the ruling on this ground. They merely contend that, because all parties were dissatisfied with the verdict, a new trial of the whole issue should have been ordered. If the new trial granted to Carrie M. Rossman and Edna. D. Boehme was properly limited to the ascertainment of their damages, it follows, *ex necessitate,* that the award of a new trial, so limited, to John A. Boehme was a valid exercise of the power vested in the trial judge.

Judgments affirmed, with costs.

In Rossman *v.* Newbon—

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   16.

*For reversal*—None.

In Boehme *v.* Newbon—

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BODINE, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DILL, JJ.   9.

*For reversal*—PARKER, LLOYD, CASE, DONGES, KAYS, DEAR, WELLS, JJ.   7.