799 F.2d 95
 55 USLW 2158, Prod.Liab.Rep.(CCH)P 11,108
 OLIVER, Everett & Mildred h/w
v.
RAYMARK INDUSTRIES, INC., H.K. Porter Company, Inc., Pacor,
Inc., Eagle Picher Industries, J.P. Stevens & Co., Garlock,
Inc., Southern Textile Company, Armstrong Wold Industries,
Inc., Nicolet, Inc., Keene Corporation, Owens Illinois Glass
Company, Celotex Corporation, GAF Corporation, Fibreboard
Corporation, Owens Corning Fiberglas, Corporation, Forty
Eight Insulation, Inc., Pittsburgh Corning Corporation
v.
PORTER HAYDEN CO., LaFavorite Rubber Mfg. Co. (Third Party
defendant).
Appeal of UNITED STATES of America, GAF Corporation, Appellant.
 No. 85-1504.
 United States Court of Appeals,
Third Circuit.
 Argued July 29, 1986.
Decided Aug. 27, 1986.
 
 Edward Greer (argued), E. Ralph Walker, Charles J. Kalinoski, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for appellant GAF Corp.
 Daniel G. Childs (argued), Robert J. O'Shea, Jr., Lauren Scott, Joseph D. Shein, P.C., Philadelphia, Pa., for appellees.
 Before HIGGINBOTHAM, HUNTER, Circuit Judges, and RE, Judge*.
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 This appeal presents the question whether, under New Jersey law, punitive damages and damages for loss of consortium may be awarded in a strict products liability action in which the jury awarded no compensatory damages. The Supreme Court of New Jersey has not addressed this issue. The district court predicted that an award of damages under these circumstances would be proper under New Jersey law. We reverse.
 
 I.
 
 2
 Everett and Mildred Oliver filed suit in the district court for the Eastern District of Pennsylvania in August, 1983 alleging personal injuries arising out of Everett Oliver's exposure to asbestos products manufactured by seventeen corporate defendants. Oliver allegedly came in contact with these products from 1941 to 1943 and from 1946 to 1983 in the course of his employment with Mobil Oil in New Jersey. Oliver brought suit in negligence and strict products liability and sought compensatory, punitive and loss of consortium damages. By trial, all defendants except GAF Corporation had settled or been dismissed voluntarily. At the close of trial, GAF moved for directed verdict on punitive damages; this motion was denied by the district court. The jury in answer to special interrogatories awarded no compensatory damages to Everett Oliver, but awarded $18,234 to Mildred Oliver for loss of consortium, and awarded $500,000 in punitive damages.
 
 
 3
 On the basis of this verdict, the district court entered judgment against GAF for $518,234. GAF timely moved for judgment n.o.v., a new trial or remittitur (on punitive and loss of consortium damages). On the basis of its prediction of New Jersey law, the district court denied these motions. GAF filed this appeal.
 
 II.
 
 4
 Because the Supreme Court of New Jersey has not decided whether punitive and loss of consortium damages may be recovered under the circumstances here, "the task of a federal tribunal is to predict how that court would rule." Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co., 652 F.2d 1165, 1167 (3d Cir.1981). On appeal, the standard of review of the district court's prediction of state law is plenary. Campagnie des Bauxites de Guinee v. Insurance Company of North America, 724 F.2d 369, 371-72 (3d Cir.1983).
 
 III.
 A.
 
 5
 In Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 45-48, 477 A.2d 1224, 1228-29 (1984), the New Jersey Supreme Court ruled that the absence of compensatory damages does not preclude recovery of punitive damages in intentional tort actions. The district court, relying on Nappe, determined that punitive damages were recoverable under Oliver's strict products liability cause of action.[1]
 
 
 6
 A recent decision from the New Jersey Supreme Court appears to support the district court's implicit assumption that punitive damages may be recovered in strict products liability actions. Fischer v. Johns-Manville Corp., 103 N.J. 643, 512 A.2d 466 (1986). The district court's conclusion that punitive damages were recoverable notwithstanding the jury's zero verdict on compensatory damages, however, was based almost entirely on its interpretation of Nappe. In Nappe, the New Jersey Supreme Court was presented with the question whether punitive damages could be awarded in a civil action for fraud in the absence of an award of compensatory damages. The court noted that punitive damages may lie only where "there is a valid underlying cause of action," and that "[c]ompensatory damages historically have been considered an essential element of some torts, but not others." Nappe, 97 N.J. at 45, 477 A.2d at 1228. To determine whether punitive damages are recoverable in the absence of compensatory damages, therefore,
 
 
 7
 [t]he initial question to be considered is whether compensatory damages are an essential element of [the claim]. If compensatory damages are an essential element of the cause of action, the claim must be dismissed despite the fact that the plaintiff has proved all the other elements. On the other hand, if the cause of action is deemed effective even though the plaintiff had not proved his entitlement to compensatory damages, the viability of the cause of action may be the basis of an award of punitive damages.
 
 
 8
 Id., 477 A.2d at 1228. The court distinguished negligence, in which a finding of damages is required, from an intentional tort such as fraud, in which "compensatory damages are not an essential element". Id. at 48, 477 A.2d at 1229. Because compensatory damages are not an element of an intentional tort, "punitive damages may be assessed in an action for an intentional tort involving egregious conduct whether or not compensatory damages are awarded...." Id. at 51, 477 A.2d at 1232.
 
 
 9
 The district court, confronted with the distinction established by Nappe, determined that strict products liability is more akin to an intentional tort than to negligence. On this basis, the district court concluded that compensatory damages are not a prerequisite to recovery of punitive damages in strict products liability actions in New Jersey. App. at 2145.
 
 
 10
 We believe that the district court erred in its prediction of New Jersey law. New Jersey's adoption of strict products liability eliminated the element of fault (breach of duty) from a cause of action against the manufacturer of a defective product; it did not eliminate the element of damages. Corbin v. Camden Coca-Cola Bottling Co., 60 N.J. 425, 431, 290 A.2d 441, 444 (1972); Santor v. A&M Karagheusian, Inc., 44 N.J. 52, 66-67, 207 A.2d 305, 313 (1965). See also Restatement (Second) of Torts Sec. 402A ("One who sells any product in a defective condition ... is subject to liability for physical harm thereby caused....") (emphasis added). Thus, there is no valid cause of action in strict products liability absent compensatory damages. Employing the analysis of Nappe, a strict products liability action should, therefore, be treated as a negligence action (where compensatory damages are also required to establish a valid cause of action) rather than as an intentional tort action (where compensatory damages are not required). We believe that the proper prediction of New Jersey law is that in a strict products liability action--as in a negligence action--punitive damages cannot be awarded without compensatory damages.
 
 
 11
 This rule is consistent with the position of the Restatement (Second) of Torts Sec. 908, comment c (1979) (in awarding punitive damages "[i]t is essential ... that facts be established that, apart from punitive damages, are sufficient to maintain a cause of action."); see also comment b ("Although a defendant has inflicted no harm, punitive damages may be awarded because of, and measured by, his wrongful purpose or intent.... In all these cases, however, a cause of action for the particular tort must exist, at least for nominal damages."). It is also the position adopted by leading commentators. See W. Prosser, et al., The Law of Torts (5th ed. 1984) Sec. 2 ("The greater number of courts have said that [punitive damages] are limited to cases in which actual compensatory damages are found by the jury."); J. Ghiardi and J. Kircher, Punitive Damages: Law and Practice (1984) Sec. 6.16 ("There is no separate tort of 'punitive damages,' nor can a plaintiff seek recovery of an exemplary award without basing such claim upon an underlying legal theory or recovery which involved some actual damages. Punitive damages will not be awardable unless a plaintiff has suffered actual damages that can be recompensed through an underlying cause of action."). Moreover, the only other jurisdiction to directly address the availability of punitive damages under similar circumstances reaches a conclusion contrary to that of the district court. See Lindquist v. Ayerst Laboratories, Inc., 227 Kan. 308, 607 P.2d 1339 (1980) (under Kansas law, a verdict of actual damages is essential to a recovery of punitive damages in strict products liability).
 
 
 12
 Oliver would have us extend Nappe' § holding to excuse the requirement of compensatory damages in strict products liability actions. This we will not do. To so extend Nappe would require us to disregard its foundation: the distinction between those causes of action in which compensatory damages are an element, and those causes of action in which they are not. Moreover, even if we were to accept the logic of Oliver's position, we would be hesitant to apply it in the absence of clear support from the New Jersey Supreme Court. Although "a federal court sitting in diversity may diverge from existing precedent when there is sufficient evidence that the highest state court would be willing to entertain a change in its common law", it "should proceed with great caution when the effect of its ruling would be to broaden the law beyond the point where any other court has yet ventured." W.A. Wright, Inc. v. KDI Sylvan Pools, Inc., 746 F.2d 215, 218 (3d Cir.1984).
 
 B.
 
 13
 Oliver's alternative contention is that the jury's award of $18,234 to Mildred Oliver for loss of consortium constitutes sufficient "compensatory damages" to support the punitive damages award. We disagree. Damages for loss of consortium are derivative, and arise only where there is direct physical injury to the other spouse. Rex v. Hutner, 26 N.J. 489, 492, 140 A.2d 753, 754 (1958); Cappiello v. Ragen Precision Industries, Inc., 192 N.J.Super. 523, 532, 471 A.2d 432, 437 (1984); W. Prosser, et al. The Law of Torts (5th ed. 1984) Sec. 125. Thus a verdict in favor of the spouse seeking derivative damages, but denying compensatory damages to the allegedly injured spouse, is invalid. Rossman v. Newbon, 112 N.J.L. 261, 264, 170 A. 230, 231 (1934). It cannot constitute "compensatory damages" to support a punitive damages award.
 
 C.
 
 14
 GAF contends that the jury's verdict awarding damages to Mildred Oliver for loss of consortium cannot stand in light of its failure to award compensatory damages to Everett Oliver. The district court properly instructed the jury that it could award damages for loss of consortium to Mildred Oliver only if it also awarded compensatory damages to Everett Oliver.[2] In denying GAF's post-trial motions on this issue, however, the district court ruled that the award was valid because "I have already determined that the New Jersey Supreme Court would not require compensatory damages as an essential element of a cause of action for strict products liability." App. at 2149-50.
 
 
 15
 Although internally consistent, the district court's ruling on loss of consortium damages is incorrect. As noted above, under New Jersey law compensatory damages are an essential element of a strict products liability action. Like punitive damages in strict products liability or negligence, damages for loss of consortium can be recovered only where there is a finding of direct injury--in this case, injury to the other spouse. Rex v. Hutner, 26 N.J. 489, 492, 140 A.2d 753, 754 (1958); Cappiello v. Ragen Precision Industries, Inc., 192 N.J.Super. 523, 532, 471 A.2d 432, 437 (1984); W. Prosser, et al., The Law of Torts (5th ed. 1984) Sec. 125. Thus a verdict in favor of the spouse seeking loss of consortium damages but denying compensatory damages to the allegedly injured spouse cannot stand. See Rossman v. Newbon, 112 N.J.L. 261, 264, 170 A. 230, 231 (1934).
 
 IV.
 
 16
 We conclude that the district court erred in its prediction of New Jersey law. We believe that if faced with the question, the Supreme Court of New Jersey would not sustain an award of punitive damages or damages for loss of consortium in a strict products liability action absent an award of compensatory damages. For the foregoing reasons, we will reverse the order of the district court denying GAF's motion for j.n.o.v.
 
 
 
 *
 Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation
 
 
 [1]
 The district court assumed without deciding that the jury's verdict on compensatory damages precluded an award of punitive damages pursuant to Oliver's negligence cause of action. App. at 2188 n. 2. It is clear that the New Jersey Supreme Court would not allow an award of punitive damages in a negligence action absent compensatory damages. See Nappe, 97 N.J. at 45, 477 A.2d at 1228 ("It is well established that the plaintiff must show a breach of duty and resulting damage to prevail in a negligence action.") (citations omitted)
 
 
 [2]
 As part of the instructions to the jury on Mildred Oliver's claim for loss of consortium, the district court stated:
 [Mrs. Oliver] is entitled to an award if Mr. Oliver is entitled to an award for those elements.
 If Mr. Oliver is not entitled to an award, then under no circumstances would she be entitled to an award. It is a purely derivative cause of action. It derives to her by reason of the injury to her husband.
 App. at 1392.