SWANSON, Respondent, v. BALL, et al, Appellants

(290 N. W. 482.)

(File No. 8314.   Opinion filed March 5, 1940.)

**Bailey, Voorhees, Woods & Bottum** and **J. B. Shultz**, all of Sioux Falls, for Appellants.

**John C. Mundt** and **Cherry & Braithwaite**, all of Sioux Falls, for Respondent.

WARREN, J.:  An action was commenced by the service of a summons and complaint by Augusta C. Swanson upon the above named defendants. Amiel W. Ball and Fred J. Ball demurred to plaintiff's complaint on the ground that it does not state facts sufficient to constitute a cause of action. The Western Surety Company, a corporation, defendant, demurred separately.  It appealed from an order overruling the demurrer of the lower court and is here on appeal.  See Swanson v. Ball, 67 S. D. 196, 291 N. W. 577.

The complaint alleges that the defendants Amiel W. Ball and Fred J. Ball were licensed and bonded liquor dealers; that they knew the effects of alcohol and without a doctor's prescription sold and continued to sell liquor to the plaintiff's husband ·Anton H. Swanson in spite of protest, warnings and a certain written notice directed to the Paramount Bar in Sioux Falls, South Dakota, and these two defendant licensees and their agents and employees requesting that no intoxicating liquor be sold to the said Anton·Swanson. Due and legal service of the notice was admitted by Fred J. Ball, licensee, one of the operators of said Paramount Bar. The complaint charges that sales of liquor were unlawful, wilful and malicious and that the fact that the defendants continued to sell liquor to the plaintiff's husband resulted in his death; that by reason thereof plaintiff was required to furnish the husband money, nurse and care for him during frequent spells of illness, incurred hospital and doctor bills; that because of the loss of his aid, support, affection, society, companionship and consortium during the whole of said period she suffered financial loss by reason of money furnished him and great and grievous mental anguish, physical agony and shame.

The trial court overruled the defendants' demurrer. This appeal is prosecuted from the ruling.

Respondent who had the laboring oar in the lower court in maintaining her cause of action has directed the court's attention to the fact that the conduct of the defendants was in violation of § 31, Ch. 134, Laws of 1935 [SDC 5.0226(2)]. From a perusal of the statute in order to determine the sufficiency of the complaint attacked by the demurrer it would seem that the allegations of the complaint places it well within the requirements of the statute. We now enquire must there be, in order to recover, a statute or legislative act in the form of a civil remedy specifically covering the wrong which plaintiff has charged in the complaint and for which she now asks the defendants to respond in damages?

Respondent in support of her complaint cites Moberg v. Scott, 38 S. D. 422, 161 N. W. 998, L.R.A., N.S. 1917D, 732;

Id., 42 S. D. 372, 175 N. W. 559, and calls the court's attention to the fact that the statutes of this state in force at the time of said decisions are still in force, each one of them having been reenacted by the legislature, and are now in full force and effect.

Respondent cites Art. 6, § 20 of our constitution and the following 1919 Rev. Code sections, 55; 1959; 1960; 4; 93 and 178 as having been interpreted in the case of Moberg v. Scott, supra, construing a complaint similar to the instant case with the exception that that case was one for the recovery of damages for furnishing opium, a habit forming drug, while this is one concerning furnishing of intoxicating liquor.

In Holmstrom v. Wall et al., 64 S. D. 467, 268 N. W. 423, 424, this Court dealt with a wilful alienation of the affections of the husband of another by a female and for wilful injury to the person, character, or property of the wife. It was argued in that case that the interference with the relationship was not an injury to the person or property to the wronged wife. Reference was made to Moberg v. Scott, supra, and the court said: "In the Moberg-Scott Case this court very clearly and definitely held that since the enactment of the statute removing the disability of coverture, there exists a present day 'common-law right' in the wife to maintain an action for the loss of the husband's society, affection or consortium. This right exists independent of any statute."

It would thus appear that this court has determined quite precisely the questions urged in the instant case. The decisions that we have just referred to we believe conclusively establish the law in this instant case to the effect that independent of any specific statute the wife has a cause of action against anyone wrongfully interfering with the marital relationship regardless of the agency or instrumentality employed to inflict the loss. Harrison v. Berkley, S. C., 1 Strob. 525, 47 Am. Dec. 578.

█ In so holding we have very carefully considered appellants' contention that there is considerable difference between the case of Moberg v. Scott, supra, and the instant case in that, in the former it involved opium, a drug, and

that there could be little question that harmful drugs such as opium constitute more serious danger to an individual than the use of intoxicating liquor. We are not impressed with the argument presented in which the appellant has attempted to differentiate between the opium drug in the case of Moberg v. Scott, supra, and the intoxicating liquor in the instant case. This court through its former decisions, which we have just referred to, has quite conclusively established that a complaint such as we are considering states a cause of action. The right of the wife to the consortium of the husband is one of her personal rights and we believe that the allegations of the complaint are sufficient in both statements, as to facts and form, to permit a trial upon its merits. In passing upon the sufficiency of the complaint we do not believe it necessary in this case to at length consider Paulson v. Langness et al., 16 S. D. 471, 93 N. W. 655 and Kennedy v. Garrigan, 23 S. D. 265, 121 N. W. 783, 21 Ann. Cas. 392, as we do believe that the last paragraph of Moberg v. Scott, supra, 38 S. D. at page 431, 161 N. W. 998, L.R.A., 1917D, 732, is a sufficient answer to appellants' contention and we will not encumber the opinion by a further allusion or quoting from it.

As we understand it there is no claim by respondent that this is an action for wrongful death and is therefore not brought under R. C. § 2929 [SDC 37.2201], but as disclosed by the complaint it is an action for damages suffered by the respondent by the reason of the wrongful conduct of the defendant before the husband's death. There is no charge in the complaint which could possibly support such a contention because a wrongful death action is based upon the wrong done to the deceased and that is not this case. Of course, the death of respondent's husband may be an element to be considered in determining the amount of damages; as to that we express no opinion in sustaining the court's ruling on the demurrer as to the appellants in this appeal.

The order appealed from overruling the demurrer is affirmed.

All the Judges concur.