[File No. 7036.]

EARL MILDE, Respondent, v. RALPH E. LEIGH, Appellant.

(28 NW2d 530, 173 ALR 738)

Opinion filed July 22, 1947

*Nilles, Oehlert & Nilles,* for appellant.
*Sinness & Duffy,* for respondent.

CHRISTIANSON, Ch. J.   This is an action brought by the husband to recover for the loss of the services and companionship of his wife and for moneys expended in her care and medical treatment, all of which loss and expenditure it is alleged was caused by the malpractice of the defendant as a physician in the performance of an operation upon the plaintiff's wife.

The sole question presented on the appeal is whether the action is barred by the statute of limitations.

The action was commenced on November 10, 1945.  The complaint alleges that the defendant is a practicing physician and

420

surgeon in this state; that the plaintiff is, and at all times here-inafter mentioned was, the husband of Sylvia Milde; that on or about March 16, 1943, the said Sylvia Milde, who was then pregnant with child, consulted the defendant and that the plaintiff engaged the services of the defendant to act as physician in the delivery of the child; that it was found necessary to make such delivery by Caesarean operation, which operation was performed by the defendant; that the plaintiff and his said wife, Sylvia Milde, having been advised that she could not give birth to another child except through Caesarean operation and that a second or successive operation of this nature would be detrimental and dangerous to her health, consulted with the defendant with relation to having a sterilization operation performed in connection with the Caesarean operation; that the defendant advised that such operation be performed and that he agreed to perform such sterilization operation and that the plaintiff paid the defendant $200 for the performance of such operation; that the defendant represented to the plaintiff and to his said wife that he had successfully and properly performed such sterilization operation when in truth and in fact he had so negligently and carelessly performed such operation that the said Sylvia Milde was not rendered sterile; that the said plaintiff and his said wife, relying upon the representation of the defendant and believing that he had properly performed such operation, had normal intercourse and as a result thereof the said Sylvia Milde again became pregnant and on March 7, 1945, gave birth to another child; that it was again necessary to have a Caesarean operation performed upon said Sylvia Milde to made delivery of such child and that she suffered such loss of blood therefrom as to require blood transfusions and to gravely endanger her life; that the second Caesarean operation and the birth of the second child and the fear and shock suffered by the said Sylvia Milde upon discovering that the sterilization operation had been a failure and that she was pregnant and that she would again be compelled to have a Caesarean operation, permanently impaired her health and rendered her highly nervous and mentally and physically unstable; that as a

result thereof, the plaintiff has been compelled to expend more than $2000 for medical and hospital care, nursing services, and other assistance, care, and attention for his wife; that as a consequence the plaintiff has been and will be deprived of the services and companionship of his wife for a long time, and that as a consequence of the want of skill and attention on the part of the defendant and his failure to perform the sterilization operation in a proper and skillful manner and as agreed upon, the plaintiff has sustained damages in the amount of $10,000.

The defendant interposed an answer wherein it is admitted that the defendant was engaged to perform the medical and surgical services referred to in the complaint; but it is denied that the same were performed negligently or carelessly. As a further defense, the defendant alleges that the services of the defendant as a physician and surgeon in connection with the performance of the sterilization operation were fully completed and terminated prior to April 1, 1943; that consequently the alleged negligent treatment occurred more than two years prior to the commencement of the action and therefore said purported cause of action accrued more than two years prior to the commencement of the action and is barred by the statute of limitations of the State of North Dakota.

The plaintiff demurred to the paragraph in the answer alleging that the plaintiff's cause of action is barred by the statute of limitations on the ground that the facts alleged in the paragraph do not constitute a defense. The trial court sustained the demurrer and defendant has appealed.

As said, the sole question presented for determination on this appeal is whether plaintiff's cause of action is barred by the statute of limitations. ND Rev Code 1943, § 28–0118 provides:

"The following actions must be commenced within two years after the cause of action has accrued:

1. An action for libel, slander, assault, battery, or false imprisonment;

2. An action upon a statute for a forfeiture or penalty to the state;

3. An action for the recovery of damages resulting from malpractice; . . . ."

The defendant contends that this is an action for malpractice; that the cause of action accrued at the time the alleged negligent operation was performed on or about March 16, 1943, and that inasmuch as defendant's services as a physician and surgeon terminated prior to April 1, 1943, and this action was not brought until November 10, 1945, it is barred by the above quoted Subdivision 3 of said § 28–0118, which requires that an action for the recovery of damages resulting from malpractice be commenced within two years after the cause of action has accrued.

It is said that our code of civil procedure was borrowed from New York, and that the courts of New York have held that a cause of action for malpractice accrues at the time of the cessation of the treatment and that that construction should be adopted in this state.

While we do not deem this contention material to the disposition of the case, we deem it desirable to show the facts with respect to the source of the provisions of the statute of limitations of this state.

It is true the Legislature of the Territory of Dakota in 1868 adopted the code of civil procedure of New York (see Preface, Rev Code ND 1895, p v; Preface, ND Rev Code 1943, p 6). But the code of civil procedure of New York adopted by the Territorial Legislature of 1868 contained no provision specifically referring to an action for malpractice or an action for the recovery of damages resulting from malpractice. The section of the code of civil procedure of New York as adopted by the Territorial Legislature in 1868 read as follows:

"Within two years: 1. An action for libel, slander, assault, battery, or false imprisonment. 2. An action upon a statute, for a forfeiture or penalty to the people of this Territory." Laws of Dakota 1868, Ch 3, § 46.

This statute remained in force in this jurisdiction as enacted in 1868 without change until 1893 when the Legislature amended

the statute by adding another subdivision and thus making the statute read as follows:

"Within two years: 1. An action for libel, slander, assault, battery or false imprisonment. 2. An action upon a statute, for a forfeiture or penalty to the people of this State. 3. An action for the recovery of damages resulting from malpractice." Laws of North Dakota 1893, Ch 87.

Specific reference to an action for malpractice was first made in the statute of limitations of New York in a legislative enactment adopted in 1900. As amended by the legislature in 1900, the New York statute read as follows:

"Within two years: 1. An action to recover damages for libel, slander, assault, battery, seduction, criminal conversation, false imprisonment, malicious prosecution or malpractice." Laws of New York, Ch 117; Civil Practice Act, § 50; 1946 Clevenger's Practice Manual of New York, 1–54. See also Hurlburt v. Gillett, 96 Misc 585, 161 NYS 994, 995.

Prior to 1900, the period of limitation of an action for malpractice was governed by code of civil procedure of New York, § 383, subd 5, which reads as follows:

"An action to recover damages for a personal injury resulting from negligence."

See Burrell v. Preston, 54 Hun 70, 7 NYS 177.

At common law a husband has a cause of action against one who wrongfully or negligently injures his wife and thereby causes him expense and loss of consortium—per quod consortium amisit. 27 Am Jur 100, Husband and Wife, § 501; Schouler, Domestic Relations 4th ed § 77, p 122; 7 Labatt, Master & Servant, 2d ed § 2650, p 8145. This right of action is predicated upon the interference with the marital relation, vests in the husband alone, and is wholly separate and distinct from the cause of action which accrues to the wife for the injuries she has sustained.

"For an injury to the wife, either intentionally or negligently caused, which deprives her of the ability to perform services, or lessens that ability, the husband may maintain an action for the loss of service, and also for any incidental loss or dam-

age, such as moneys expended in care and medical treatment, and the like. .

. . .

"A personal injury to the wife gives rise to two causes of action, one in favor of the wife to recover for the physical injury, the pain and suffering, expense, if any, paid from her own estate and loss of earning capacity, where she has a right to her earnings and is engaged in business or labor on her own account, and one in favor of the husband to recover for loss of his wife's services, society, etc., and for any expense incurred." 2 Cooley, Torts, 4th ed § 168, pp 10, 11.

The cause of action in favor of the husband is not for the injury to the wife but for the damage to the husband on account of the loss of the wife's services and society and for the expense incident to her care and cure. Spencer, Domestic Relations, § 137, p 130; Rogers v. Smith, 17 Ind 323, 79 Am Dec 483; Thompson v. Ft. Branch, 204 Ind 152, 178 NE 440, 82 ALR 1413.

"The gist of a husband's cause of action for loss of his wife's consortium and for expenses, resulting from injuries to her through the wrongful acts or negligence of another, is such loss and expenses sustained by him, and not the injuries sustained by her; such loss and expenses sustained by him are not merely items of damages, but are, as stated, *essential to the cause of action itself.*" 27 Am Jur 102, Husband and Wife, § 503. (Italics supplied)

The rule with respect to such actions is stated in Restatement of the Law as follows: "One who by reason of his tortious conduct is liable to a married woman for illness or other bodily harm is subject to liability to her husband for the resulting loss of her services and society, including any impairment of her capacity for sexual intercourse, and for any reasonable expense incurred by him in providing medical treatment." Am L Inst, Restatement, Torts, Vol 3, § 693.

In the "Comment" following the foregoing statement of the general rule, it is said:

"*b. Action at common law for tort to married woman.* The liability to the husband which is stated in this Section is based upon the commission of a tort against the wife. At common law, a wife could recover for injuries only in an action in which the husband joined. The recovery in such action, however, did not include compensation for harm to the legally protected marital interests of the husband. Yet the same tortious conduct also constituted a basis for an action by the husband to recover for harm to those interests and this action he could maintain without joining his wife. Under modern statutes permitting the wife to sue in her own name, she may now obtain damages formerly recoverable only in the joint action. Unless a statute provides otherwise, a husband may still recover for the harm done to his legally protected interests in a separate action against the tortfeasor.

. . .

"d. *Separate character of action by husband.* The invasion of the husband's interests in the marriage relation is a separate tort against him, although it is conditioned upon factors which also constitute a tort against the wife. With certain procedural qualifications, this was true at common law before the statutes permitting married women to sue in their own names (see Comment b). Unless, therefore, the actor has become liable to the wife, he cannot be subject to liability to her husband under the rule stated in this Section. However, the two liabilities are distinct. Thus, the fact that the statute of limitations has run against the wife's cause of action will not necessarily prevent the husband from prosecuting his action. So, too, the fact that the wife's action has abated, by reason of her death, will not affect the husband's right to sue. If a statute permits, recovery by the wife and by the husband against a tortfeasor may be obtained in one action." Am L Inst Restatement, Torts, Vol 3, § 693.

Concerning the somewhat analogous action by a father for harm caused him by tort against his minor child, the American Law Institute, Restatement of the Law, Torts, says: "One who by reason of his tortious conduct is liable to a minor child for

illness or other bodily harm is subject to liability to (a) the parent who is entitled to the child's services for any resulting loss of services or ability to render services, and to (b) the parent who is under a legal duty to furnish medical treatment for any expenses reasonably incurred or likely to be incurred for such treatment during the child's minority.

"*Comment:* . . .

*b. Separate character of action.* The liability to the parent stated in this Section is distinct from the liability of the actor to the child. Damages recoverable in the one action are not recoverable in the other; a judgment obtained and satisfied in one action will not prevent a recovery in the other; a release by the one will not affect the other's recovery; a waiver by the child of his own right of action will not affect the parent's recovery; and an abatement by the death of either the parent or the child will not bar a recovery by the other. Moreover a procedural bar which prevents the child from maintaining an action for the harm which it has sustained will not affect the parent's action. Thus, neither the expiration of the statute of limitations as to the child's cause of action, nor the death of the child, will bar an action by the parent. An analogous situation is found in the suit by a husband for harm to his wife, see § 693." Am L Inst Restatement, Torts, Vol 3, § 703.

In Fowlie v. First Minneapolis Trust Co. 184 Minn 82, 83, 237 NW 846, 78 ALR 589, 590, the court said: "The injury negligently inflicted upon the wife gave *two separate and independent causes of action.* One in favor of the wife for damages suffered by her personally, and one in favor of her husband for the expenses he is put to in effecting her cure, and also for the loss of her services." (Italics supplied)

The same rule is laid down in Spencer, Domestic Relations, § 137, pp 130, 131; Skoglund v. Minneapolis Street R. Co. 45 Minn 330, 47 NW 1071, 11 LRA 222, 22 Am St Rep 733; and Laskowski v. People's Ice Co. 203 Mich 186, 168 NW 940, 2 ALR 586.

In Skoglund v. Minneapolis Street R. Co. 45 Minn 330, 47 NW 1071, 11 LRA 222, 22 Am St Rep 733, supra, the plaintiff

and his wife, while riding in one of the cars of the defendant Street Railway Company, were both injured at the same time by the same accident or act of negligence of the defendant. The husband brought action and recovered for the injury to himself. Later he brought another action "alleging the negligence of the defendant, the injury to his wife, in consequence whereof he lost her services and society, and was put to expenses of physicians and medicines and the care of his wife." The defendant Street Railway Company in its answer alleged the former action and recovery by the plaintiff as a bar to the second action. The Supreme Court of Minnesota held that the recovery in the first action did not constitute a bar to the second action. In the opinion in the case the court said: "In the action for injury to himself all he (the husband) needed to show, in order to recover nominal damages at least, was the negligence of the defendant, and the consequent injury to himself. But proof of the negligence and injury to the wife would not sustain the husband's action in this case. The cause of action which those facts alone show belongs to the wife. Those facts go to make up the husband's cause of action, but alone they are not enough. In addition to them *there must exist the fact that, by reason of the injury so caused, he has been deprived of her society or services, or has been put to expense. Such loss is of the substance of his cause of action.* As said in Todd v. Redford, 11 Mod. 264: 'Husband and wife cannot join in assault and battery *per quod consortium amisit,* for the *per quod* in such case is the gist of the action.' In other words, the gist of the husband's cause of action on account of an injury to his wife is not the injury itself, but the consequence of the injury in depriving him of his common-law right to her society or services, or in imposing on him the common-law duty to care for her. A case may easily be imagined where, for an injury to her person, a cause of action—a technical cause of action at least—would instantly accrue to the wife, but where none would ever accrue to the husband, for the reason that none of the above injurious consequences to his relative rights would follow. . . . But in an action by a husband on account

of an injury to his wife, the consequences of loss of her society or services are not items of damages pertaining to an already existing cause of action, or to a cause of action which might exist without them, but *they are essential to the cause of action itself, which cannot arise until such consequences have followed the injury.* If it could be said that the plaintiff's cause of action in his first action arose upon the negligence alone, then all the injurious consequences of that negligence, the injury to his person, the loss of his wife's society and services, caused by the injury to her person, might be regarded as items of damage in that cause of action. *But no cause of action could accrue upon the negligence alone. That cause of action accrued only upon injury to his person caused by the negligence, and, when they concurred, his cause of action was complete. The loss of his wife's services had no connection with that injury.* That cause of action was not a consequence of it, and not an item of damage pertaining to it. His right to recover for such loss was independent, and would have existed had that cause of action not accrued."

In Laskowski v. People's Ice Co. 203 Mich 186, 168 NW 940, 2 ALR 586, supra, the plaintiff's wife brought action and had judgment for personal injuries caused by the negligence of the defendant. Thereafter her husband brought action against the defendant for the loss of his wife's services and for expenses incurred by reason of the injuries received by the wife. Upon the trial of the latter action the plaintiff offered in evidence the judgment roll in the first action, that is, the judgment roll in the action brought by the wife for her personal injuries. The judgment roll was admitted in evidence, and in submitting the case to the jury the trial court instructed the jury that the questions of negligence of the defendant and the contributory negligence of the wife had been settled in the action that had been brought by the wife and that they " 'must find that the defendant Ice Company was guilty of negligence as charged, and that the plaintiff's wife, Anna Laskowski, was free from contributory negligence.' " The Supreme Court of Michigan held that the instruction as to the conclusive effect of the judg-

ment in the former case constituted prejudicial error. In the opinion in the case, the court said:

"In Fearn v. West Jersey Ferry Co. 143 Pa 122, 22 A 708, 13 LRA 366; Walker v. Philadelphia, 195 Pa 168, 45 A 657, 78 Am St Rep 801; Brierly v. Union R. Co. 26 RI 119, 58 A 451; and Duffee v. Boston Elev. R. Co. 191 Mass 563, 77 NE 1036, the rule is laid down that in cases like the one at bar the husband is enforcing an independent right, there is no privity between the husband and wife in that respect, and that the judgment in an action brought by one cannot be put in evidence on the trial of an action brought by the other. . . .

"The right of the wife to bring and control her own action was subject, legally, to no interference on the part of the husband. He was not a necessary or a proper party to her suit. He could neither institute nor control the action in her behalf. The judgment is her sole property. Berger v. Jacobs, 21 Mich 215; Michigan C. R. Co. v. Coleman, 28 Mich 440; McCauley v. Detroit United R. Co. 167 Mich 297, 133 NW 11. The husband is not privy to the wife, in blood, representation, estate, or law. He derived no title to his present demand from or through her. She could not have released it, and, had she failed to recover in her action, that would not have barred him."

When does a cause of action accrue in favor of the husband for the loss of his wife's services, society and companionship and for reasonable expenses incurred in providing medical treatment and care, resulting from injuries to her through the wrongful acts or negligence of another?

Some authorities hold that such cause of action accrues, and that the statute of limitations begins to run, on the date the wrongful act or negligence occurred. Other authorities hold that the cause of action does not accrue until the loss of services actually occurs, and the expenditure for medical treatment and care are required. In our opinion the latter is the just and correct rule.

Among the essential elements of an actionable tort are the wrongful invasion by the defendant of some legal right of the plaintiff and damage resulting to the plaintiff from the wrong-

ful conduct of the defendant. 62 CJ p 1102 § 17, p 1107 § 24; 45 CJ pp 5, 661, 662.

"It is the conjunction of damage and wrong that creates a tort, and there is no tort if either damage or wrong is wanting." 1 Cooley, Torts, 4th ed § 46, p 87. See also Post v. Campau, 42 Mich 90, 96, 3 NW 272.

In the Restatement of the Law, Torts, it is said, "A tort is ordinarily not complete until there has been an invasion of a legally protected interest of the plaintiff." Am L Inst Restatement, Torts, Vol 4, § 899.

"While the rule is universally and freely conceded that the statute of limitations commences to run only from the time the cause of action accrues, there is often a controversy as to when that time arrives. The unfailing test is, in the absence of some statute to the contrary, whether the party asserting the claim can successfully maintain an action to enforce it.

"The rule is stated tersely and with many supporting authorities in 19 Am & Eng Enc Law 2d ed p 193, thus: 'A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon; it accrues at the moment when he has a legal right to sue on it and no earlier.' That covers the whole subject. Nothing can be gained by multiplying words in respect to it.

"Manifestly, a statute of limitations does not bear on a right until there is a right of action; a judicial remedy of some sort which the owner of that right can invoke to vindicate it. So, as said, the unfailing test is to decide upon the precise point of time when the owner of the right could have instituted a suit to enforce it and prosecute the same to a successful result." In Re Hanlin, 133 Wis 140, 144, 145, 113 NW 411, 413, 17 LRA NS 1189, 126 Am St Rep 938.

A husband has no right of action for the loss of the services, society and companionship of his wife and incidental expense for her treatment and care, until the loss of services, society and companionship actually has occurred. Am L Inst Restatement, Torts, Vol 4, p 525; Skoglund v. Minneapolis Street R. Co. 45 Minn 330, 47 NW 1071, 11 LRA 222, 22 Am St Rep 733,

supra; Clem v. Holmes, 33 Gratt (Va) 722, 36 Am Rep 793; Riddle v. McGinnis, 22 W Va 253; Wilhoit v. Hancock, 5 Bush (Ky) 567; Note in 3 ALR 158. Coon v. Moffet, 3 NJL 169, 4 Am Dec 392. In the American L Inst Restatement, Torts, Vol 4, § 899, it is said: "A cause of action for the loss of the services of another arises at the time when the right to the services accrues or when there is a deprivation of existing services."

If the husband brings an action against one who has wrongfully injured his wife, and in his complaint alleges the wrongful conduct of the defendant, the injuries to the wife and resulting pain and suffering and impaired earning power of the wife, such complaint would fail to state facts sufficient to constitute a cause of action. It would show no damage to the husband. The cause of action alleged would belong to the wife alone and the husband would have no interest therein. In order to set forth a cause of action in favor of the husband it would be necessary that the complaint allege also that injury had been sustained by the husband from the loss of the services, society and companionship of the wife and any incidental expense incurred in her treatment and care.

The negligence of the defendant in this case in the performance of the operation of plaintiff's wife was an invasion of her rights and any injury sustained by her as a result thereof constituted a tort on her but did not constitute a tort on the husband. The actionable wrong against the plaintiff was the interference with his marital rights, depriving him of his wife's services, society and companionship, and requiring expenditures by him for her medical treatment and care. These do not constitute mere items of damages in an action for negligence; "they are essential to the cause of action itself, which cannot arise until such consequences have followed the injury." Such loss on the part of the husband "is of the substance of his cause of action." Skoglund v. Minneapolis Street R. Co. 45 Minn 330, 47 NW 1071, 11 LRA 222, 22 Am St Rep 733, supra.

According to the complaint the plaintiff's wife gave birth to a child on March 7, 1945. The loss of services, society and companionship and expenditures for medical treatment and

care occurred after the defendant's wife became pregnant with the child so born on March 7, 1945. This action was commenced November 10, 1945. It is apparent therefore that the action was instituted within two years after plaintiff's cause of action accrued. However, we do not determine that the action must be commenced within two years after the cause of action has accrued. It is unnecessary to determine whether the period of limitation of this action is governed by ND Rev Code 1943, § 28–0118, subd 3, which provides that "an action for the recovery of damages resulting from malpractice" must be commenced "within two years after the cause of action has accrued"; or is governed by ND Rev Code 1943, § 28–0116, subd 5, which provides that "an action for criminal conversation or for any other injury to the person or rights of another not arising upon contract, when not otherwise expressly provided" must be commenced "within six years after the cause of action has accrued." (See Kraut v. Cleveland R. Co. 132 Ohio St 125, 5 NE2d 324, 108 ALR 521; Cliff v. Seligman & Latz (CCA6th Ohio) 38 F2d 179.) The action is not barred under either of these provisions or under any other provision of the statute of limitations of this state.

The trial court's ruling was correct. The order appealed from is affirmed.

BURR, NUESSLE, BURKE and MORRIS, JJ., concur.