HELEN REX AND RAY L. REX, PLAINTIFFS-APPELLANTS,
v. CYRIL I. HUTNER, DEFENDANT-RESPONDENT.

Argued April 1, 1958—Decided April 28, 1958.

490

*Mr. Stanley W. Greenfield* argued the cause for plaintiffs-appellants (*Mr. Sanford Halberstadter,* on the brief).

*Mr. William P. Braun, Jr.,* argued the cause for defendant-respondent (*Messrs. Braun and Hoey,* attorneys).

The opinion of the court was delivered by

PROCTOR, J.   The plaintiff, Ray L. Rex, appeals from a judgment in favor of the defendant entered by the Superior Court, Law Division, Middlesex County, on defendant's motion for judgment on the pleadings.   The appeal is before us on our own motion.

The action was instituted on April 16, 1957, by Helen Rex and Ray L. Rex, her husband.   Mrs. Rex sought damages for personal injuries sustained on or about November 30, 1952, because of defendant's alleged failure properly to perform and render medical services.   Her husband, Ray L. Rex, sought to recover consequential damages for the medical expenses incurred by him and for the loss of services of his wife occasioned by the alleged negligence of the defendant.   Mrs. Rex abandoned her action and she concedes it is barred because of the two-year statute of limitations. *N. J. S.* 2A:14–2; *Burns v. Bethlehem Steel Corp.,* 20 *N. J.* 37 (1955).   The trial court dismissed the husband's claim on the ground that it "cannot rise above the claim of his wife, Helen Rex, his claim being incidental to the main claim."

The husband, the sole appellant, contends that his *per quod* action is "for consequential damage constituting a recovery for damages to property rights, and is, therefore, without the operation of *N. J. S.* 2*A* :14–2" but "is controlled by *N. J. S.* 2*A* :14–1 which permits an action to be brought within six years after the cause of action accrued."

*N. J. S.* 2*A* :14–1 provides that every action at law "for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2*A* :14–2 and 2*A* :14–3 of this title, * * * shall be commenced within 6 years next after the cause of any such action shall have accrued." *N. J. S.* 2*A* :14–3 deals with actions for libel or slander and is not pertinent.

*N. J. S.* 2*A* :14–2 provides: "Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued."

The six year limitation provided for in *N. J. S.* 2*A* :14–1 is by its terms applicable only to an action for a tortious injury which is not encompassed by the provisions of *N. J. S.* 2*A* :14–2. Our inquiry, therefore, is whether the words "for an injury to the person" contained in the latter section comprehends a husband's *per quod* action of the type here involved.

There is no action "for an injury to the person" in the literal sense of these words; obviously, no one has a claim for such an injury in the sense that he may demand or receive it. On the contrary, one sues to recover damages sustained because of personal injuries wrongfully inflicted upon him. The word "for" is commonly employed as a synonym for "by reason of," "because of," "on account of," or "growing out of." 17 *Words and Phrases, For, p.* 217 (1940). It may be reasonably assumed that the Legislature used the word "for" in the statute in its ordinary signification. In this context the phrase "for an injury to the

person" must be construed to mean "an action for damages by reason of an injury to the person." The language of the statute is not restricted to actions for damages by reason of an injury to the person who sustains the physical injury. Viewed in this light, the statute not only applies to the action for damages by the wife by reason of an injury to her person but also encompasses the action for consequential damages by the husband, whose action is only maintainable by reason of an injury to the person—the person of his wife. Both actions have their origin in the same operative facts. The husband's damages are a consequence of his wife's personal injury and his cause of action depends upon and is incidental to her action. *Rossman v. Newbon,* 112 *N. J. L.* 261 (*E. & A.* 1933). Where a personal injury is wrongfully inflicted upon the wife she must sue within two years. No plausible reason is suggested why a husband who sues for consequential damages arising out of that injury should be allowed three times as long before asserting his claim. Accordingly, we hold that a husband's action for consequential damages resulting from an injury to his wife is an action "for an injury to the person" within the meaning of *N. J. S.* 2A:14-2 and, since the plaintiff's action was not commenced within the two year period specified therein, it is barred.

The weight of authority supports our construction that the phrase "injury to the person" when used in a statute of limitations comprehends an action for consequential damages by a husband. *Weaver v. Bahumes,* 127 *F. Supp.* 85 (*D. C. N. D. Cal.* 1955); *Basler v. Sacramento Electric Gas & R. Co.,* 166 *Cal.* 33, 134 *P.* 993 (*Sup. Ct.* 1913); *Sharkey v. Skilton,* 83 *Conn.* 503, 77 *A.* 950 (*Sup. Ct. Err.* 1910); *Cravens v. Louisville & N. R. Co.,* 188 *Ky.* 579, 222 *N. W.* 930 (*Ct. App.* 1920); *Mulvey v. City of Boston,* 197 *Mass.* 178, 83 *N. E.* 402, 14 *Ann. Cas.* 349 (*Sup. Jud. Ct.* 1908); *Maxson v. Delaware, L. & W. R. Co.,* 112 *N. Y.* 559, 20 *N. E.* 544 (*Ct. App.* 1889); *Black v. Eastern Pennsylvania R. Co.,* 257 *Pa.* 273, 101 *A.* 644 (*Sup. Ct.* 1917); Annotation, 108 *A. L. R.* 525, 526 (1937); 34

*Am. Jur., Limitation of Actions,* § 105; 37 *C. J.* 775; 54 *C. J. S. Limitations of Actions,* § 176, *p.* 146. *Cf. Burstein v. United States Lines Co.,* 134 *F.* 2d 89 (2 *Cir.* 1943); *Regent Taxi and Transportation Co., Ltd. v. Congregation Des Petits Freres De Marie, A. C.* 295 (1932). *Contra, Roth v. Lundin,* 237 *Ill. App.* 456 (*App. Ct.* 1925); *Graf v. City Transit Co.,* 220 *Ind.* 249, 41 *N. E.* 2d 941 (*Sup. Ct.* 1942).

Appellant relies upon *Fryer v. Mount Holly Water Co.,* 87 *N. J. L.* 57 (*Sup. Ct.* 1915); *Wagner v. Machetto,* 7 *N. J. Super.* 547 (*Cty. Ct.* 1950) and *Whalen v. Young,* 28 *N. J. Super.* 543, 552 (*Law Div.* 1953).

The *Fryer* case involved a suit by a parent to recover damages for loss of services and medical expenses resulting from an injury to his minor child caused by the defendant's negligence. The suit was instituted more than two years after the injury was sustained by the child. The former Supreme Court held that the two-year statute of limitations then in effect, *L.* 1896, *c.* 77, *p.* 119, which governed actions "for injuries to persons," did not bar the parent's suit, stating at *page* 59 of 87 *N. J. L.*:

"* * * [T]his statute applies only to an action by the person injured, or on his behalf, for damages resulting to him from the wrongful act of the defendant. The right of the father to recover is based upon a violation of his property rights, and this statute of limitations should not be extended beyond that resulting from a strict construction thereof. The action to which the statute relates is one 'for injuries to persons' and not to the consequences which another may suffer because of such injuries."

In the *Revision of* 1937, the revisors substituted the phrase "an injury to the person" for "injuries to persons." *R. S.* 2:24–2. This was a mere change in word style and not in meaning. *Earl v. Winne,* 14 *N. J.* 119, 131 (1953). *R. S.* 2:24–2 remained unchanged in the 1951 *Revision. N. J. S. A.* 2:14–2. In the *Wagner* and *Whalen* cases, which were decided after the 1937 *Revision,* the trial courts when presented with similar factual situations followed the rule of the *Fryer* case.

These cases may be distinguished on the ground that at the time the parent's suit was instituted the two-year statute of limitations had not tolled against the infant's claim, the operation of the statute being suspended because the infant was under a statutory disability. *N. J. S.* 2*A* :14–21; *R. S.* 2 :24–4. However, to the extent that these cases hold that the two-year limitation in *N. J. S.* 2*A* :14–2 applies only to an action by the person injured, and that suits for consequential damages resulting from personal injuries sustained by another is one based on a property right and not one for "an injury to the person," they are inconsistent with our construction of the statute and are overruled.

For the reasons stated above the judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*For reversal*—None.