**Fernande C. BITSOS, Plaintiff,**

v.

**RED OWL STORES, INC., Defendant.**

**No. Civ. 71-64S.**

United States District Court,
D. South Dakota, S. D.

Nov. 21, 1972.

James E. Doyle, of Doyle, Bierle & Hagerty, Yankton, S. D., for plaintiff.

Richard Braithwaite, of Braithwaite, Cadwell & Braithwaite, Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

In this action for loss of consortium, the plaintiff, Fernande C. Bitsos, has moved to strike paragraphs V and VI of the defendant's, Red Owl Stores, Inc., answer. Jurisdiction is based upon diversity of citizenship and the requisite amount in controversy.

A brief chronology of the events as stipulated to by both counsel is necessary before reaching the substance of the plaintiff's motion.

August 18, 1968—Anthony (Tony) Bitsos, plaintiff's husband, while in the Yankton, South Dakota, Red Owl Store to repair air conditioning and refrigeration equipment, allegedly incurs damages from a fall on the store's basement stairs.

September 5, 1969—Mr. Bitsos sued Red Owl Stores, Inc., for personal injuries. A jury verdict in favor of Mr. Bitsos was rendered on March 25, 1972, aff'd., 459 F.2d 656 (8th Cir. 1972).

May 17, 1971—Mr. Bitsos files for divorce.

June 29, 1971—Mrs. Fernande C. Bitsos files an answer and counterclaim for divorce.

August 12, 1971—Mrs. Bitsos sues Red Owl Stores, Inc., for loss of consortium arising out of the August 18, 1968, incident.

It is the plaintiff's contention that paragraphs V and VI of defendant's answer are immaterial to her loss of consortium claim because the issues relating to defendant's negligence are res judicata, having been determined against Red Owl in previous litigation by her estranged husband, Tony.

The defendant argues that the principle of res judicata is applicable only between the same parties and their privies. Therefore, inasmuch as Mrs. Bitsos was not a party to Mr. Bitsos' suit and is not in privity to either party of that suit, the negligence issue must be litigated anew in Mrs. Bitsos' consortium action. The question presented, then, is whether or not the jury verdict finding the defendant, Red Owl, negligent in the husband's suit is binding upon Red Owl in the wife's subsequent suit for loss of consortium, or, in other words, is Mrs. Bitsos in privity with her husband.

Because this is a federal diversity case, South Dakota law is controlling. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). My research reveals that the South Dakota Supreme Court has not had occasion to address the issue presented in this motion. It therefore becomes necessary to predict how the South Dakota court would decide if faced with this issue. C. Wright, Law of Federal Courts 240 (2d ed. 1970).

Counsel has referred me to the annotations beginning at 12 A.L.R.3d 933 (1967), which concern the issue before this court. Upon examination it is immediately apparent that South Dakota is absent from its references. It is also evident that the cases cited therein are based solely on the law of the state involved. Thus, while the citations are beneficial in discovering a majority rule and the manner in which other states have handled similar issues, they are unsatisfactory for predicting how the South Dakota Supreme Court would decide.

The South Dakota Supreme Court has recognized the right of a wife to recover damages for loss of consortium resulting from the negligent injury to her husband because of negligent acts or omissions of a third party. Hoekstra v. Helgeland, 78 S.D. 82, 98 N.W.2d 669 (1959). "The right of the wife to the consortium of the husband is one of her personal rights . . ." Swanson v. Ball, 67 S.D. 161, 290 N.W. 482, 483 (1940). The language of the *Hoekstra* decision, *supra*, as it traces and illustrates the "slow and tortuous struggle" preceding the recognition of women's rights in the marital state, reflects an opinion that a women's right to sue for consortium is separate and distinct from that of her spouse's action for personal injury damages. Indeed, it appears that

prior to 1972, the wife's action for loss of consortium could be tried separately from the husband's claims. Wilson v. Hasvold, 194 N.W.2d 251, 255 (S.D. 1972).

Recently the South Dakota Supreme Court expressed its opinion relative to a procedural aspect of a wife's consortium suit. In the closing paragraph of Wilson v. Hasvold, 194 N.W.2d 251, 255 (S.D. 1972), the court instructed as follows:

> As an action for loss of consortium is *derivative* in nature it should also be combined for trial with the injured spouse's action in order to avoid the danger of double recovery and the expense of duplicate trials. (cases omitted.) (emphasis added).

This court relies heavily upon the word "derivative" in concluding that Mrs. Bitsos is in privity with Mr. Bitsos and, therefore, plaintiff's motion to strike paragraphs V and VI of the answer is granted. The characterization of the loss of consortium action as "derivative" is fairly clear. Any doubts are overcome by a dictionary definition of that term.

> DERIVATIVE. Coming from another; taken from something preceding; secondary; that which has not its origin in itself, but owes its existence to something foregoing. Anything obtained or deduced from another. State v. [Wong] Fong, 75 Mont. 81, 241 P. 1072. Black's Law Dictionary 530 (4th ed. 1957).

■■ While the right of a wife to the consortium of her husband is one of her personal rights, Swanson v. Ball, 67 S.D. 161, 290 N.W. 482, 483 (1940), it must, by definition, be recognized as a right acquired through or successive to her husband's.

> A wife will be concluded by a judgment in an action for or against her husband with respect to any right or interest which she claims through or under him; and so likewise will a husband be concluded by a judgment for or against the wife in respect of a right or interest which he claims

through or under her. 50 C.J.S. Judgments § 798; *see also* Sisemore v. Neal, 236 Ark. 574, 367 S.W.2d 417, 12 A.L.R.3d 929 (1963).

The South Dakota court having declared the wife's consortium action to be derivative of the husband's action, this court does not hesitate to find, as the next step in a logical progression, that for the wife's right to sue for the loss of society, companionship, conjugal affections and assistance of her husband, there must be an actionable wrong against a negligent third party.

■ The husband will base his claims upon the identical factual circumstances that the wife will ultimately use for her suit. Once those facts have been litigated and a final determination as to the defendant's liability made, it would be duplicitous to retry the facts in a second derivative action. If the husband is unsuccessful in his initial suit on the facts, the wife's subsequent action could add nothing to facts previously found lacking compensable negligence. The wife's cause of action being born of the husband's actionable loss is controlled by its fate. The wife's cause of action must rise or fall upon the success or failure of her husband's cause of action.

■ I recognize that the characterization of the wife's loss of consortium action as "derivative" places South Dakota in the minority. Annot., 12 A.L.R. 3d 933, 935 (1967). But the South Dakota court having taken that step, it follows that the wife's claim is dependent upon the validity of the injured spouse's cause of action and the man and wife are thereby in privity. I find support for my decision in the cases of Thill v. Modern Erecting Co., 284 Minn. 508, 170 N.W.2d 865 (1969), and in Fitzgerald v. Meissner & Hicks, Inc., 38 Wis.2d 571, 157 N.W.2d 595 (1968), both cited in the Wilson v. Hasvold decision, *supra.* In addition, Sisemore v. Neal, 236 Ark. 574, 367 S.W.2d 417, 12 A.L.R.3d 929 (1963), in referring to Tollett v. Mashburn, 291 F.2d 89 (8th Cir. 1961), further buttresses my opinion of the appli-

cation of the word "derivative"; and, that the Eighth Circuit Court of Appeals would agree is evidenced by this language:

> We conclude that the trial court correctly interpreted the law of Arkansas and that the appellant Kelsie Tollett's claim must fall with that of his wife. It may be noted that this comports with the decisions of other jurisdictions that the husband's right to special damages for medical expenses or loss of consortium is derivative and depends upon the wife's successful suit for damages. Sisemore v. Neal, 367 S.W.2d 417, 418, 12 A.L.R.3d 929, 931.

> Privity having been found between Mrs. Bitsos and a party to the initial suit against Red Owl, the principle of res judicata applies and liability need not be relitigated in the derivative action of Mrs. Bitsos. The court is left only with the damage aspects of her claim. That matter will come on for trial before the court as stipulated by both counsel, on Monday, December 4, 1972, at 9:30 a. m., at the Federal Courthouse in Sioux Falls, South Dakota.