JAMES O. COX, Plaintiff-Appellant, *v.* ANTHONY C. ABBINGTON,
Defendant-Appellee.

(No. 59307;

First District (3rd Division)—November 21, 1974.

Allen J. Sucherman, of Chicago, for appellant.

Gates W. Clancy and James S. Mills, both of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Mildred Cox was a passenger in a bus which was brought to a stop because of an accident which had occurred on the highway. The defendant, Anthony Abbington, drove his vehicle into the stopped bus and Mrs. Cox was injured. Her husband, the plaintiff, James Cox, filed a complaint against Abbington for the medical expenses he had paid on behalf of his wife and for the loss of her consortium.

Mrs. Cox was injured on May 14, 1969, and her husband's complaint was filed in January 1973. Abbington moved to dismiss the complaint for the reason that it had not been filed within 2 years of her injury. The trial court sustained the motion. Cox appeals and contends that a 5-year, rather than a 2-year, period of limitation is applicable to his cause of action.

Abbington relies on section 14 of "An Act in regard to limitations" (Ill. Rev. Stat. 1971, ch. 83, par. 15) and on *Kolar v. City of Chicago*, 12 Ill.App.3d 887, 299 N.E.2d 479. Cox relies on section 15 of the Act and on *Mitchell v. White Motor Co.*, 13 Ill.App.3d 872, 301 N.E.2d 166. Section 14 provides for a 2-year period of limitation in personal injury actions. Section 15 states that there shall be a 5-year period of limitation in certain enumerated actions and for all other civil actions not expressly governed by other statutes. Abbington argues that Cox's action arose as a consequence of his wife's personal injuries. Cox responds that his claims

come within the ambit of section 15 because their limitation period is not specifically covered by another statute.

*Kolar,* decided in June 1973, held that the 2-year statute of limitations barred a husband's suit for loss of consortium and medical expenses incurred by him as a result of his wife's injuries, which occurred more than 2 years but less than 5 years before his suit was filed. The opinion in *Mitchell,* which was filed in August 1973, held the opposite. The *Mitchell* court was unaware of the *Kolar* decision and stated that no State court in Illinois had ever passed upon the issue.

The issue has now been resolved. The Supreme Court overruled *Kolar* and affirmed *Mitchell.* (*Mitchell v. White Motor Co.* (1974), 58 Ill.2d 159, 317 N.E.2d 505.) The dismissal of Cox's complaint must, therefore, be vacated.

Reversed and remanded.

McNAMARA, P. J., and McGLOON, J., concur.