### 62525. SMITH et al. v. DELLER.

SOGNIER, Judge.

Suellen Smith was involved in an automobile collision with Aline Burgess on July 25, 1977. Mrs. Smith and her husband, Ellis Smith, filed two suits against Mrs. Burgess on June 6, 1979. No service was effected because Mrs. Burgess had died on May 29, 1979, and the original suits were dismissed. Thereafter, second suits were filed on July 13, 1979 against the temporary administrators of Mrs. Burgess' estate. On August 21, 1979 Alan Burgess and Karol Deller, the temporary administrators, were issued permanent letters of administration. The July 13, 1979 suits were dismissed after the permanent letters of administration were issued.

On February 27, 1980 the Smiths filed the instant suits for personal injury and loss of consortium against Deller as administratrix of Mrs. Burgess' estate. Deller's answer raised the

defenses of improper service, the statute of limitation, and failure to join an indispensible party, i.e., the co-administrator. The trial court, treating Deller's motion for judgment on the pleadings as a motion for summary judgment under the provision of Code Ann. § 81A-112 (c), held service to be proper and indicated that the co-administrator could be added by amendment. However, the trial court granted appellee's motion for summary judgment as to both suits on the ground that the suits are barred by the statute of limitation. The cases are combined on appeal.

1. Appellants contend that the trial court erred in granting Deller's motions for summary judgment because the statute of limitation had not run on the personal injury claim nor the loss of consortium claim. We agree.

(a) Code Ann. § 3-1004 provides: "Actions for injuries to the person shall be brought within two years after the right of action accrues . . . except actions for injuries to the person involving loss of consortium shall be brought within four years after the right of action accrues . . ." With regard to Ellis Smith's suit for loss of consortium, it is clear that the four-year statute of limitation had not run when his suit was filed on February 29, 1980. See *Central of Ga. R. Co. v. Harbin,* 132 Ga. App. 65 (207 SE2d 597) (1974). Thus, the trial court erred in granting summary judgment as to Mr. Smith's claim for loss of consortium.

(b) The statute of limitation on Suellen Smith's personal injury claim is two years. Code Ann. § 3-1004. The trial judge was correct in determining that the filing of the second suit on July 13, 1979 did not toll the statute of limitation pursuant to Code Ann. § 3-808, which provides for the renewal of a suit after a voluntary dismissal within six months of the dismissal. Code Ann. § 3-808 applies only where service has been effected in the dismissed suit. *Murray v. Hawkins,* 144 Ga. 613 (87 SE 1068) (1915); *Douglas v. Kelley,* 116 Ga. App. 670 (158 SE2d 441) (1967). Service of the July 13, 1979 complaint was had incorrectly on the Secretary of State (Deller is a resident of Ohio); no service of process was had on Alan Burgess as he was apparently out of the country when service was attempted. Service on the judge of the probate court of the county in which the administrator has qualified is the proper method of service under the circumstances. Code Ann. § 113-1203.1.

Nevertheless, the trial court was incorrect in concluding that Suellen Smith's suit was barred by the two-year statute of limitation. The collision took place on July 25, 1977; Mrs. Burgess died on May 29, 1979; Allan Burgess and Deller were appointed *temporary* administrators on June 6, 1979; and on August 21, 1979 Burgess and Deller were issued permanent letters of administration; the instant

suit was filed on February 27, 1980.

Two statutes, Code Ann. § 3-804 and § 113-1526, are applicable in determining whether appellant filed her complaint too late. Code Ann. § 3-803 provides: " The time between the death of a person and representation taken upon his estate. . . shall not be counted against his estate, provided such time shall not exceed five years; but at the expiration of that time the limitation shall commence. . ." In *Baumgartner v. McKinnon,* 137 Ga. 165 (1) (73 SE 518) (1911), the Supreme Court held: "The appointment of a temporary administrator does not constitute 'representation' upon the estate of a decedent, within the purview of the Civil Code (1910), § 4376 [now Code Ann. § 3-803] . . . so as to cause the statute of limitations to begin to run against the estate upon the appointment of such temporary administrator."

Similarly, Code Ann. § 3-804 provides: "The time between the death of a person and representation taken upon his estate . . . shall not be counted against creditors of his estate, provided such time does not exceed five years." The Supreme Court stated in *Baumgartner* that "[t]he language of the Civil Code (1910), § 4377, [now Code Ann. § 3-804] touching the suspension of the statute [running] in favor of an estate, is the same as that relating to the running of the statute against it." Supra, at p. 167. Thus, the appointment of a temporary administrator does not result in representation of the estate for purposes of the running of the statute of limitation either in favor of, or against, the estate. In the instant case, the statute of limitation on Suellen Smith's personal injury claim was suspended upon the death of Mrs. Burgess until August 21, 1979, the date permanent administrators were appointed to represent the estate.

After permanent administrators of the estate were appointed, the July 13, 1979 suit was voluntarily dismissed. There is nothing in the record to indicate why the suit was dismissed; however, Code Ann. § 113-1526 provides for a six months exemption from suit inuring to the benefit of the administrator, and the suit was dismissed after the permanent letters were issued. Code Ann. § 113-1526 provides: "No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of six months from his qualification. This exemption shall not apply to an administrator de bonis non, unless appointed within the six months allowed to his predecessor. In all cases the administrator de bonis non shall be made a party to suits pending against the administrator, upon scire facias returnable to the first term." The administrator is exempt from suit during this period, and consequently the running of the statute of limitation is suspended in favor of the creditors of the

estate. See *Hawes v. Glover,* 126 Ga 305, 309 (55 SE 62) (1906). Thus, the statute of limitation in the instant case was suspended from May 30, 1979 until February 20, 1980. In addition, the unexpired portion of the original two-year period of limitation (dating from May 30, 1979 until July 25, 1979) is one month and 27 days. Hence, Suellen Smith's suit was viable until and through April 17, 1980. The suit was filed on February 27, 1980 and properly served on the judge of the probate court on March 4, 1980, pursuant to Code Ann. § 113-1203.1. Thus, the trial court erred in granting appellee's motion for summary judgment based on the expiration of the statute of limitation.

2. In the order granting appellee's motion for summary judgment, the trial court ruled that there was no merit in appellee's contention that because Alan Burgess, as co-administrator and a necessary and essential party, was not joined in the action, that the action must be dismissed. Appellee further contended that because the co-administrator, an indispensible party, was not joined within the period of limitation, the action must be dismissed as to both administrators. We agree with the trial court that appellee's contentions have no merit.

The trial court concluded correctly in its order that a party could be added by amendment "at any stage of the action and on such terms as are just." Code Ann. § 81A-121.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 6, 1982—
REHEARING DENIED JANUARY 29, 1982— 

*Miles L. Gammage, E. Lamar Gammage,* for appellants.
*Edward L. Savell, William S. Goodman,* for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing, the movant contends that the complaints failed to show service on the probate judge on March 4, 1980 as recited in the trial court's order. Thus, movant argues that this court's opinion in that regard was not based on the record. We note that, while the entire record without omission had been requested by the appellant and the complaints were included in the record on appeal, the process and service entries had not been photocopied and forwarded from the trial court. Accordingly, this court ordered that the record be supplemented.

The process and entry of service is now before this court and is found to be correct as indicated in the trial court's order and this court's opinion. The motion for rehearing otherwise lacking in merit

is hereby denied.

*Motion for rehearing denied.*