Ruth TITZE, Plaintiff and Appellant,

v.

Robert E. MILLER, Defendant and Appellee.

No. 14037.

Supreme Court of South Dakota.

Considered on Briefs May 26, 1983.

Decided Aug. 3, 1983.

---

Ronald G. Schmidt of Schmidt, Schroyer, Colwill & Zinter, P.C., Pierre, for plaintiff and appellant (representing on appeal only).

Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, for defendant and appellee.

FOSHEIM, Chief Justice.

This appeal is from an order dismissing plaintiff's action for loss of consortium. We affirm.

We are asked to decide whether an action for loss of consortium is subject to our three-year statute of limitations for personal injury actions, SDCL 15–2–14(3).* Correctly claiming that South Dakota cases identify interspousal consortium as a personal right, *Hoekstra v. Helgeland,* 78 S.D. 82, 98 N.W.2d 669 (1959); *Morey v. Keller,* 77 S.D. 49, 85 N.W.2d 57 (1957); *Swanson v. Ball,* 67 S.D. 161, 290 N.W. 482 (1940); *see also Bitsos v. Red Owl Stores, Inc.,* 350 F.Supp. 850 (D.S.D.1972), appellant argues that an action for loss of consortium is therefore not controlled by a statute of limitations which addresses "personal injury" alone. We disagree.

Our Code does not define "personal injury" for civil actions. *Cf.* SDCL 62–1–1 (Worker's Compensation). While we have not previously addressed this question, the prevailing rule is that the term, when used in a statutory context, should be interpreted broadly to include injuries to personal rights. 51 Am.Jur.2d *Limitation of Actions* § 104 (1970); Annot. 108 A.L.R. 525 (1937). Illinois is the most notable exception. *See, e.g., Cox v. Abbington,* 24 Ill.App.3d 220, 320 N.E.2d 512 (1974); *Mitchell v. White Motor Co.,* 58 Ill.2d 159, 317 N.E.2d 505 (1974). In Illinois, however, the statutory language is different. Their interpretation rests on a statute of limitations which addresses "injury to the person," not "personal injury." Ill.Ann.Stat. ch. 83, § 15 (Smith-Hurd 1966). Nevertheless, some courts have construed words identical with those in the Illinois statute to encompass injuries to personal rights. *See, e.g., Rex v. Hunter,* 26 N.J. 489, 140 A.2d 753 (1958).

■ An action for loss of consortium is derivative in nature. *Bitsos v. Red Owl Stores, Inc., supra; Budahl v. Gordon & David Associates,* 287 N.W.2d 489 (S.D. 1980); *Wilson v. Hasvold,* 86 S.D. 286, 194 N.W.2d 251 (1972). When separate actions have their origin in the same operative facts it logically follows that they both be subject to the same statute of limitations, unless a contrary legislative intent clearly appears. SDCL 15–2–14(3) indicates no intention to restrict the term "personal injuries" to exclude personal rights.

The order is affirmed.

WOLLMAN, DUNN and MORGAN, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

I dissent.

Although loss of consortium is derivative in nature, it is a separate and distinct cause of action. *Hoekstra v. Helgeland,* 78 S.D. 82, 98 N.W.2d 669 (1959). *See also, Husband and Wife—Consortium—Wife's Action Resulting from Negligent Injury to Husband,* 10 S.D.L.Rev. 120 (1965). A loss of consortium action does not seek damages for the "personal injury" itself, but rather desires compensation for a loss incurred by another party. Loss of consortium has different elements of proof, different issues, different damages, and different jury instructions than a personal injury action. The clear import of this distinction is that the limitations period for a loss of consortium action must begin to run when the loss of consortium occurs. As aptly noted in *Milde v. Leigh,* 75 N.D. 418, 28 N.W.2d 530 (1947), the loss of consortium need not necessarily occur at the same time as does the

---

* SDCL 15–2–14(3) provides, in relevant part: "[T]he following civil actions ... can be commenced only within three years after the cause of action shall have accrued:

. . . .

(3) An action for personal injury."

"personal injury." *See also, Smith v. Deller,* 161 Ga.App. 112, 288 S.E.2d 825 (1982) (reflecting that Georgia has specifically enacted a longer statute of limitations for loss of consortium actions thereby acknowledging a distinction).

The misconception of the majority opinion is that it neglects this underlying distinction between a personal injury action and a loss of consortium action. Although the date of accrual for both causes of action may be the same in the case at bar (only proof will establish this), it does not likewise follow that a distinct and separate loss of consortium action can be engulfed under SDCL 15–2–14(3) upon which the majority relies. Loss of consortium is clearly not *specifically enumerated* in SDCL 15–2–14(3). The three-year statute of limitations in SDCL 15–2–14(3) does not bar appellant's loss of consortium because such action is not a "personal injury" action, rather it is an action founded upon a personal right. *Swanson v. Ball,* 67 S.D. 161, 290 N.W. 482 (1940). This is a tort action. The duty creating liability for torts is rooted in SDCL ch. 20–9. Every person, by expression of SDCL 20–9–1, "is responsible for injury to the person, property, or *rights* of another caused by his willful acts or caused by his want of ordinary care or skill . . . ." (Emphasis added.)

Briefly, the facts spawning this litigation are: appellant's husband's legs were apparently crushed between two vehicles. Appellee, a state trooper, stopped appellant's husband on a public highway on June 14, 1978. At the state trooper's insistence, appellant's husband then left his vehicle to approach the state trooper's vehicle. It is alleged that the state trooper failed to place his vehicle in park after stopping and his vehicle moved forward pinning appellant's husband between the two vehicles causing serious and permanent injury. For purposes of the motion to dismiss, we must assume the pleaded facts to be true. Appellant's husband initiated his action within the three-year statute of limitations for personal injuries. Appellant did not initiate her action for the violation of her *rights* within three years of this tragedy but did do so within six years from the date of the accident. Appellant's present counsel did not undertake representation of appellant until after the three-year time period had run.

We cannot create a statute of limitations by judicial fiat. In my opinion, the majority opinion has done so. Inherent in the great doctrine of separation of powers, statutes of limitations are within the purview of the legislative branch. The legislature of this state has enacted SDCL 15–2–13(5) which applies to loss of consortium actions, as it provides:

Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within six years after the cause of action shall have accrued:

\*       \*       \*       \*       \*       \*

(5) An action for criminal conversation *or for any other injury to the rights of another not arising on contract and not otherwise specifically enumerated in §§ 15–2–6 to 15–2–17, inclusive* [.] (Emphasis added.)

Therefore, appellant's cause of action, being a personal right, and not a personal injury, and the legislature not having restricted such cause of action to the three-year limitation, it is the six-year limitation which applies, and the trial court erred in its dismissal. I would reverse. Momma, you see, can begin to suffer long after Daddy has been hurt. And that is why you cannot lump Momma's and Daddy's causes of action together under the same statute of limitation.