**Henry SQUIRE, Appellant,**

v.

**John RUSH, Warden, Hugo Machinnie, Deputy, Robert Movaney, Doctor Essex County Penitentiary.**

No. 17425.

United States Court of Appeals Third Circuit.

Submitted Feb. 19, 1969.

Decided March 7, 1969.

Certiorari Denied June 23, 1969.
See 89 S.Ct. 2146.

Henry Squire pro se.

Irwin I. Kimmelman, Emanuel S. Lowinger, Essex County Counsel, Newark, N. J., for appellee.

Before VAN DUSEN, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal challenges a July 3, 1968, Memorandum and Order of the District Court granting defendants summary judgment in a civil rights action instituted under 42 U.S.C. § 1983 in 1968 and claiming negligent and intentional failure to give medical treatment for syphilis, causing permanent bodily injuries, while plaintiff was confined in the Essex County (New Jersey) Penitentiary from September 3, 1959, to June 28, 1960. After a thorough consideration of the record, we have concluded that Judge Shaw correctly decided that this action is barred by the two-year limitation period prescribed in N.J.S. 2A:14–2, N.J.S.A. See Hughes v. Smith, 389 F.2d 42 (3rd Cir. 1968).[1]

The July 3, 1968, order of the District Court will be affirmed.

---

1. The affidavits attached to the motion for summary judgment show:

(a) On September 4, 1959, plaintiff received a medical exemination by Dr. Sandford (the prison doctor) which shows a negative Wasserman test.

(b) The only indication of any mental condition of plaintiff in his medical record is as follows:

"11/4/59 Came over to medical—Seen by Dr. Sandford—would not talk kept staring at wall. On order of Dr. Sandford confined to Cell and kept under observation for mental disorder.

11/12/59 Returned to Wing"

(c) Plaintiff visited the prison hospital frequently from 1/14/60 to 6/25/60 but there is no indication of any mental or emotional disorder on his hospital record.

(d) The defendant Dr. Movaney (Mulvaney) was not connected with the Essex County Penitentiary in any capacity in 1959 or 1960.

The record indicates that plaintiff went from the above state penitentiary to the Federal Detention Center in New York City and thence to the U. S. Northeastern Penitentiary at Lewisburg, Pa. The record before the District Court contains no indication that he was sent at any time to the Federal Prison Hospital at Springfield, Missouri, or that he has ever been adjudicated insane. Under these circumstances, the District Court was justified in deciding that N.J.S. 2A: 14–21, N.J.S.A. (suspending N.J.S. 2A: 14–2, N.J.S.A. during insanity) is inapplicable.