SHIRLEY MITCHELL, Plaintiff-Appellant—(KENNETH MITCHELL, Plaintiff,) v. WHITE MOTOR COMPANY, Defendant-Appellee—(CHARLES LANDENHEIM et al., Exrs. of the Estate of John Lanin, Deceased, Defendants.)

(No. 73-126; ■■■■■■■■)

Fifth District—August 27, 1973.

John E. Norton, Professional Corporation, of Belleville, (Edward J. Kionka, of counsel,) for appellant.

Brady, Donovan & Hatch, of Belleville, (Harold Donovan and Dennis Rose, of counsel,) for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This action was brought in the circuit court of St. Clair County by Shirley and Kenneth Mitchell, husband and wife, for damages arising from injuries sustained by Kenneth Mitchell when the hood of a truck manufactured by defendant White Motor Company fell upon him. The complaint was filed more than two years and less than five years after the alleged injury to the husband. In Count One of the complaint, Shirley Mitchell seeks to recover from White Motor Company for loss of her husband's services and consortium resulting from her husband's injuries, based upon principles of strict tort liability. (Count Two is not involved in this appeal.)

Upon motion, the trial court dismissed Count One of the complaint and entered judgment against Shirley Mitchell and in favor of White Motor Company on the ground that her claim is barred by the statute of limitations, from which this appeal is taken. No questions are raised on the pleadings, and a finding pursuant to Supreme Court Rule 304(a) was entered.

The sole issue presented is whether a wife's cause of action for damages for loss of her husband's services and consortium resulting from personal injuries sustained by him is governed by the two-year statute of limitations application to "actions for damages for an injury to the person" (Ill. Rev. Stat. 1967, ch. 83, par. 15) or the five-year statute of limitations applicable to actions "to recover damages for an injury done to property, real or personal, * * * and all other civil actions not otherwise provided for." Ill. Rev. Stat. 1967, ch. 83, par. 16.

The identical issue and contentions of the parties has not been passed upon by a reviewing court of this State, however, the identical issue and the same contentions in regard thereto have recently been considered and resolved in two Illinois United States District Courts, in the cases of *Johnson v. Hi-Way Dispatch, Inc.*, (E. D. Ill. 1972), 352 F. Supp. 929, and *Hockett v. American Airlines, Inc.* (N.D. Ill. 1973), No. 70 C 652, decided May 7, 1973, (F. Supp.). Both cases applied what was considered to be the applicable Illinois law, and arrived at the conclusion that an action for loss of consortium is subject to the five-year Statute of Limitations which governs "all civil actions not otherwise provided for", and falls outside the scope of the two-year limitation period. We so hold as to both the alleged loss of consortium and loss of the husband's services.

Agreeing with the holdings and reasoning of those decisions on the issue here involved we therefore reverse the order of dismissal and judgment entered thereon, and remand this cause for further proceedings.

Reversed and remanded.

CREBS and G. MORAN, JJ., concur.